### SICLANA v. UNITED STATES et al.

District Court, S. D. New York.
March 24, 1944.

Golenbock & Komoroff, of New York City, for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Walter X. Connor, of New York City, of counsel), for respondent, Grace Line, Inc.

HULBERT, District Judge.

Libelant's motion for an order dismissing respondent's* exceptions to the libel herein, is denied.

Grace Line, Inc., excepted to the sufficiency of the libel on two grounds, viz.:

1. That the facts averred in the libel are insufficient to constitute a cause of action.

2. That the facts averred in the libel do not constitute a cause of action within the Admiralty and Maritime jurisdiction of this court.

The allegations of the libel are rather confusing. At the outset it is stated:

"The libel of Miguel Siclana against Grace Line, Inc., for recovery of damages for injuries sustained under the provision of the Suits in Admiralty Act of 1920* (Title 46 U.S.C.A. Sections 741 to 752 inclusive) for recovery of damages for injuries sustained and maintenance."

In paragraph Twelfth it is alleged:

"That by virtue of the Act of Congress, approved June 5, 1920, known as the Merchant Marine Act, amendatory to the Act of Congress known as the Seamen's Act of 1915, and by virtue of Section 20 of the said Act, libelant is entitled to all of the favorable provisions of the various acts of Congress relating to the right of railroad employees who are injured while engaged in interstate commerce, and libelant is entitled to recover for the negligence of the persons in the respondents' employ who caused or permitted such conditions to exist as aforesaid, and whose negligence resulted in the injuries sustained, and elects to maintain this action under said law,* otherwise known as the Jones Act." 46 U.S. C.A. § 688.

The libelant has, of course, waived the right to trial by jury by electing to sue in Admiralty which, it would seem, he did for the attempted purpose of availing himself of the benefits of the Suits in Admiralty Act in order to maintain a cause of action against the United States.

In paragraph Fourth it is alleged:

"Upon information and belief, that at all times hereinafter mentioned, the respondent, Grace Line, Inc. chartered, operated, managed, controlled, provisioned, manned, supplied, and was in possession and control of said vessel 'SS Wilcox', as agent for The United States of America."*

Libelant further alleges that the respondents employed him as a messman. He then alleges:

"Tenth: That on or about the 12th day of October, 1943, the libelant, in the course of his duties, was returning to his vessel, when he was jumped upon by certain men, names unknown, and without any fault on his part, sustained severe and permanent personal injuries."

This paragraph is the subject of the first exception.

Aguilar v. Standard Oil Co. of New Jersey, 318 U.S. 724, 63 S.Ct. 930, 937, 87 L.Ed. 1107, upon which the libelant relies, does not support the allegations excepted to. In that case the court said:

"We can see no significant difference, therefore, between imposing the liability for injuries received in boarding or quitting the ship and enforcing it for injuries incurred on the dock or other premises which must be traversed in going from the vessel to the public streets or returning to it from them.* That much at least is within the liability."

In the case at bar the locality of the attack is not identified. Its proximity to the place of employment (the ship) is not disclosed and it may have been so far remote that his employer may not have been under any duty of responsibility whatever.

With respect to the omnibus exception the libelant relies upon an Act of Congress of March 24, 1943, 50 U.S.C.A.

* Italics supplied.

444

Appendix § 1291, which provides in part, as follows:

"(a) Officers and members of crews (hereinafter referred to as 'seamen') employed on United States or foreign flag vessels as employees of the United States through the War Shipping Administration shall, with respect to * * * (2) death, injuries, illness, maintenance and cure, loss of effects, detention, or repatriation, or claims arising therefrom not covered by the foregoing clause (1): * * * Any claim referred to in clause (2) or (3) hereof shall, if administratively disallowed in whole or in part, be enforced pursuant to the provisions of the Suits in Admiralty Act."

There is no allegation that libelant was an employee "of the United States through the War Shipping Administration."

While the United States of America is named as one of the respondents, it does not appear from an examination of the Clerk's file that it has been served with process or appeared in the action. The libel is too indefinite and inadequate in its allegations. Leave will be granted to file an amended libel within twenty days if libelant so desires.